## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER SHIELDS-RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-cv-1412-GMS |
| | ) |
| THE BOARD OF EDUCATION OF CHRISTINA SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del LR 16.2, and the Court's December 11, 2017 Order re: Case Management in Civil Cases, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f), on December 21, 2017. John M. LaRosa and Erin L. Mortimer of LaRosa & Associates participated on behalf of the Plaintiff Jennifer Shields-Russell ("Plaintiff"), and Lauren E.M. Russell of Young Conaway Stargatt & Taylor, LLP, participated on behalf of Defendant Board of Education of Christina School District. ("Defendant").

    **1.**    **Jurisdiction and Service**: (Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?)

The parties agree that the court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction, and none remain to be served.

    **2.**    **Substance of the Action**: (What are the factual and legal bases for plaintiff's claims and defendant's defenses?)

This is an employment case under Title VII seeking damages, injunctions, and other relief for a Caucasian female School Administrator, who alleges that she was denied

promotion to Principal of George V. Kirk Middle School ("the position") and discriminated against in the terms and conditions of her employment because of race and sex. Plaintiff further alleges that before, during, and after denying her the promotion, Defendant harassed Plaintiff with a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of her race and sex.

   Defendant denies the allegations raised against it.

   3. **Identification of Issues**: (What factual and legal issues are genuinely in dispute?)

   The issues are identified in Plaintiff's Complaint and Defendant's Answer and include (1) whether Defendant has violated Title VII of the Civil Rights Act of 1964 by denying Plaintiff promotion; (2) whether Plaintiff suffered discriminatory harassment during her employment with Defendant; and (3) whether Plaintiff exhausted her administrative remedies.

   4. **Narrowing of Issues**: (Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on the motion?)

   The parties have not yet been able to determine if a narrowing of the issues is possible, as discovery has not begun. Defendant intends to file a dispositive motion following the close of discovery, as to all of Plaintiff's claims.

   5. **Relief**: (What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?)

   Plaintiff seeks compensatory damages in the form of back pay and front pay. Plaintiff also seeks compensatory damages for emotional distress, humiliation, embarrassment, and injury to reputation. These damages shall be computed by an economic expert. Plaintiff also seeks a declaratory judgment as to whether Defendant has violated Title VII of the Civil Rights

Act of 1964 and a mandatory injunction requiring Defendant to instate Plaintiff to the promotion position of George V. Kirk Middle School Principal or other comparable position. Plaintiff also seeks attorneys' fees and costs and pre-judgment and post-judgment interest.

6. **Amendment of Pleadings**: The parties request a deadline of February 2, 2018, to amend the pleadings.

7. **Joinder of Parties**: The parties request a deadline of February 2, 2018, to join additional parties.

8. **Discovery**: (Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?)

The parties have agreed to 25 interrogatories, 25 requests for admissions, and 10 depositions per side. The parties request a deadline of August 31, 2018.

| Event | Deadline |
| --- | --- |
| Rule 26(a) Initial Disclosures | January 19, 2018 |
| Amendment of Pleadings | February 2, 2018 |
| Joinder of Additional Parties | February 2, 2018 |
| Discovery Deadline | August 31, 2018 |
| Filing of Dispositive Motions | October 31, 2018 |
| Opposition to Dispositive Motions | November 30, 2018 |
| Reply to Opposition to Dispositive Motions | December 17, 2018 |
| Pretrial Order | |
| Pretrial Conference | |
| Trial | |

9. **Estimated Trial Length**: (Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?)

Plaintiff requests a five (5) day trial. At this time, bifurcation does not appear necessary or beneficial. It is too early to determine if it is possible to reduce the length of trial by

stipulations, summaries, or other expedited means of presenting evidence, and what expedited means may be agreeable to the parties.

      **10.**    **Jury trial:** Plaintiff seeks a jury trial.

      **11.**    **Settlement:**  (Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?)

      The parties have engaged in preliminary settlement discussions, which have not been successful.  The parties are agreeable to having this matter referred to a Magistrate Judge for consideration of mediation.

      **12.**    **Other Matters:** Such other matters as counsel considers conductive to the just, speedy and inexpensive determination of this action.

      None at this time.

      **13.**    Counsel for the parties have conferred about each of the above matters.

*[Remainder of Page Intentionally Blank]*

No continuance of the conference will be granted except by Order of the Court upon application by counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

| LAROSA & ASSOCIATES | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ John M. LaRosa* | */s/ Lauren E.M. Russell* |
| John M. LaRosa, Esq. (No. 4275)<br>Erin L. Mortimer, Esq. (No. 6321)<br>1225 King Street<br>Suite 802<br>Wilmington, DE 19801-3246<br>Telephone: (302) 888-1290<br>Facsimile: (302) 655-9329<br>Email: jlr@larosalaw.com;<br>associate@larosalaw.com | Barry M. Willoughby, Esq. (No. 1016)<br>Lauren E.M. Russell, Esq. (No. 5366)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 576-3255<br>Facsimile: (302) 576-3750<br>Email: bwilloughby@ycst.com;<br>lrussell@ycst.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated: December 21, 2017 | Dated: December 21, 2017 |

IT IS SO ORDERED, this _____ day of _____, 201__.

_____
Honorable Gregory M. Sleet